Burke vs. Tregre.

No. 6085.

M. E. BURKE, TUTRIX, VS. LOUIS TREGRE. ALPHONSE MILTENBERGER AND MRS. F. HALSEY, INTERVENORS.*

Alphonse Miltenberger, one of the intervenors in this case, sets forth that he is *bona fide* owner and possessor of the property against which the plaintiff, in her name and on behalf of her minor children, is seeking to enforce her claims; he sets forth that he acquired it free from the pretended mortgage of the plaintiff by purchase at a public sale of the said property made by the United States Marshal on the third of June, 1865, by virtue of an order of the United States Provisional Court, rendered at the suit of the intervenor to pay and satisfy a debt due to him and secured by mortgage on said property, executed on the twentieth of April, 1858, and he pleads in bar of the plaintiff's action the prescription of one, three, and five years. The other intervenor, Mrs. Halsey, in whose favor the property was mortgaged by Miltenberger for the security of certain promissory notes of which she is the holder, avers that Miltenberger is the owner of the property, and joins him in resisting the claims of the plaintiff.

The objection to secondary evidence to prove the proceedings in the Provisional Court of the United States is not well founded. The court *a qua* did not err in permitting it. The record contains abundant evidence of the loose and irregular manner in which the original papers of the said suit were kept in said court, nor are facts wanting to show the strong probability that in 1871, when the present suit was instituted, it would have been extremely difficult, if not impracticable, for the intervenors to obtain either the originals or an official copy thereof, the officers of the Provisional Court being *functi officiis*, and most, if not all of them, absent from the State. The effort to obtain the necessary documents would have been fruitless.

The sale to Miltenberger in 1865 was made by virtue of an order from a competent court to enforce a mortgage granted and recorded in 1858. Ten years had not elapsed; the mortgage was in full force and second in rank. Out of the proceeds the first mortgage, held by the Bank of Louisiana, was paid, and Miltenberger was subrogated to the rights of the holder thereof. The balance was applied to Miltenberger's own mortgage—the mortgage of the plaintiff, of inferior rank, being therefore cut off.

Besides, the plaintiff's action was brought on the nineteenth of March, 1871, to enforce her mortgage against the property which was sold under an order of the Provisional Court and adjudicated to Miltenberger on the thirteenth of June, 1865. The plaintiff's demand in reconvention to have the mortgage of Miltenberger annulled and to have her own declared first in rank is prescribed by five years.

APPEAL from the Fourth Judicial District Court, parish of St. John the Baptist. *Flagg, J. Lacey & Butler,* for plaintiff and appellee. *S. M. Bérault* and *Legendre & Poché,* for Alphonse Miltenberger, intervenor and appellant.

TALIAFERRO, J. The plaintiff in her own right and as tutrix of her minor children alleging that she is the holder of two several promissory notes, each for the sum of $3853 66, drawn payable to her order as tutrix by the defendant, dated twenty-fourth March, 1865, payable twelve months after date, and secured by mortgage on two tracts of land in the parish of St. John the Baptist, embracing a sugar plantation and various buildings and improvements thereon, instituted this action to enforce payment of her claims by a sale of the mortgaged property *via ordinaria.* The defendant answered by general denial, but seems to have been rather

passive in the contest, which is waged almost entirely by and between the plaintiff and the intervenor, Miltenberger. The latter intervened in the case, setting forth that he is *bona fide* owner and possessor of the property against which the plaintiff is seeking to enforce her claims; that he acquired it free from the pretended mortgage of the plaintiff by purchase at a public sale made of the property by the United States Marshal on the third of June, 1865, under and by virtue of an order of the United States Provisional Court rendered at the suit of intervenor to pay and satisfy a debt due him by the defendant Tregre, secured by mortgage executed on the twentieth of April, 1858. He pleads in bar of the plaintiff's action the prescription of one, three, and five years ; the intervenor, Halsey, alleging that he is the holder of ten notes of five thousand dollars each, executed by A. Miltenberger on the twenty-fifth of March, 1872, to secure the payment of which he mortgaged the land and plantation now in controversy. This intervenor avers that Miltenberger is the owner of the property, and joins him in resisting the claims of the plaintiff.

The plaintiff answered the intervention of Miltenberger, denying the existence of the mortgage and order of sale alleged by him, and denying that there ever was any such sale.

To the intervention of Halsey the plaintiff answers that the notes and mortgage he declares upon are without validity ; that he has no legal or equitable ownership in them ; that the mortgage to Miltenberger in 1858 never had any legal effect, never having been inscribed or reinscribed according to law.

Judgment was rendered in favor of the plaintiff for the amount claimed by her, with recognition of first mortgage on the "Star Planta-tion," and ordering the mortgaged premises to be sold to satisfy the plaintiff's claim ; that the interventions be dismissed at costs of inter-venors ; that they be enjoined from setting up any right to the mort-gaged property on account of the judgment of the Provisional Court on the mortgages of 1853 and 1858.

The intervenors have appealed.

This suit in many of its features resembles very closely the case of Thomas J. Burke vs. Tregre, twenty-second Annual, page 629, the judg-ment in which case was, on appeal to the Supreme Court of the United States, affirmed. 19 Wallace, p. 519.

In that case the plaintiff, Thomas J. Burke, holder of two notes of Louis Tregre, dated the twenty-fourth of March, 1865, and secured by mortgage on the same property mortgaged by him to the plaintiff in the case we have now under consideration, proceeded *via executiva* against the property mortgaged, when, as in the case at bar, he was met by an intervention filed by A. Miltenberger, claiming to be the owner of the

property seized, by virtue of a sale of the same made in June, 1865, under an order of the Provisional Court of the United States for the State of Louisiana granted by said court or by special permit of the military commander of the district. The proceedings then taken by the said intervenor were predicated upon the same mortgage upon which he founded his proceedings in intervention in the present case; namely, the mortgage executed by Louis Tregre in favor of A. Miltenberger & Co. on the twentieth of April, 1858. In that case, the one in which Thomas J. Burke as plaintiff caused the same property to be seized on the twenty-third of July, 1868, the said Burke set up against the intervention of Miltenberger—

First—That the Provisional Court of the United States for Louisiana had no legal existence, not having been established by any constitutional or legal authority.

Second—If legally constituted, the said court ceased to exist before the date of its judgment, the seventeenth of April, 1865.

Third—That the copy of the judgment presented is not certified by the seal and proper officer of that court.

Fourth—The judgment on its face is null, because it does not appear to be an extract from the minutes of any court, or to have been rendered in open court, or to be the act of any judge, not being signed by a judge.

Fifth and seventh grounds related to the absence of revenue stamps; but these grounds were not insisted upon in the appellate court.

The sixth and eighth grounds were that the copy is incomplete as a judgment, because upon its face a petition, account, and act of mortgage are made part thereof and are not produced.

These various objections were held by this court to be without weight, and were accordingly overruled.

In the case now at bar the plaintiff's counsel urges other objections to the title of Miltenberger, growing out of an alleged incompleteness of the same in this, that there is wanting an adjudication and title deed emanating from the said Provisional Court; and, further, that such adjudication and transfer, if made, were made in violation of military orders and, therefore, void; and, lastly, that there was no legal advertisement of the pretended Marshal's sale.

There is an admission of counsel for plaintiff that some person pretending to act as deputy of the United States Provisional Marshal put up for sale at the court-house of the parish of St. John the Baptist, on the third of June, 1865, the "Star Plantation," and cried it to Miltenberger for twenty-seven thousand dollars; that Messrs. Burke, Pollock, and Judge Bérault were present, but neither of them was advised as to the authority of this person to act.

It is shown that Elfer, a witness, testified that he was recorder of the

parish of Orleans in June, 1865; that he had in his possession the original of the Marshal's deed of the sale of the property described in said act, which deed is transcribed in book A, new series, of conveyances, folios 100, 101, 102, *et seq.;* and that he signed the registry in his official capacity. The witness recollected very well having seen the said deed, a certificate from the clerk of the United States Provisional Court that the act was recorded in the United States Provisional Court of Louisiana.

It is shown that a *fieri facias* was issued. Various facts are presented supported by circumstantial evidence that leave no reasonable doubt that the writ issued, and we conclude that there was a sale, adjudication, and title deed to Miltenberger. Next, as to the special permit. It is shown that by general orders issued on the sixteenth May, 1865, by the commander of the Department of the Gulf, sales of cultivated lands were prohibited and suspended until first of February, 1866; the object and purpose being to secure the payment of wages and other expenses incident to the cultivation of the soil. It is shown, likewise, that special permits were occasionally granted for sales of plantations by legal process.

There are various facts shown in this case that we think make it sufficiently clear that such a special permit was granted in this case. Four or five witnesses testify in regard to this special permit. One of them, Torrey, the attorney of Miltenberger, swears that he obtained the permit subsequently to the general order No. 60, of May 16, 1865, and that he saw a copy of the order previous to the day of sale. Pollock, another witness, is positive that he had the permit in his possession, and that he had it approved or indorsed by Captain McClure. This witness swears that this permit was granted between the sixteenth of May and the third of June, 1865, to effect a judicial sale of the property of Louis Tregre, seized in the suit No. 525, entitled A. Miltenberger & Co. vs. Louis Tregre. The other witnesses speak of there being such a permit. To this testimony the plaintiff objects, on the ground that it is secondary; that no effort was shown to obtain the original permit or its equivalent, an official copy thereof, upon the pretended author and custodian; that no publication of the loss of the pretended order or special permit is shown to have been made, and no effort to recover it shown.

The judge *a quo* admitted the evidence, ruling that the objections went more to the effect than to the admissibility of the testimony. The plaintiff reserved a bill of exceptions. The testimony was properly admitted. The record contains abundant evidence of the loose, irregular manner in which the original papers of the suit No. 525 were kept; nor are facts wanting to show the strong probability that in 1871, when the present suit was instituted, it would have been extremely difficult, if not impracticable, for the intervenors to obtain either the original act or an

official copy of it, the officers of the provisional court being *functi officiis*, and most if not all of them absent from the State. The effort to obtain the documents missing would have been fruitless.

There was then a legal, valid sale of the mortgaged property made under an order of a competent court. This sale was made in June, 1865. It was made under and by virtue of Miltenberger's mortgage, granted, by Tregre and recorded in 1858. Ten years had not then elapsed; the mortgage was in full force and second in rank; and in applying the proceeds of the sale there fell to the claim of Miltenberger secured by this mortgage, amounting to sixty thousand dollars, only the sum of $2141 76, after deducting costs, taxes, etc. The property was adjudicated to Miltenberger at the price of twenty-seven thousand dollars; out of this was paid the oldest mortgage, that of the Bank of Louisiana, to whose rights the purchaser was subrogated, the sum of $24,858 24, leaving to be applied to his own mortgage the above-stated amount of $2141 76. The mortgage of the plaintiff, of inferior rank, was therefore cut off, there being nothing left to appropriate to it. This mortgage was granted by Tregre on the twenty-fourth of March, 1865, to the plaintiff, and was recorded on the fifteenth of April, 1865, near seven years after he executed the mortgage in favor of Miltenberger. The plaintiff's action was brought on the nineteenth of March, 1871, to enforce her mortgage against the property which was sold under an order of the Provisional Court, and adjudicated to Miltenberger on the third of June, 1865, and which went into his possession under that sale. The plaintiff's demand in reconvention to have the mortgage of Miltenberger and the sale under it declared null, and to have her mortgage declared to be first in rank, is prescribed by five years.

The intervenor's exception to the proceeding, and their plea of prescription were well taken.

There are several bills of exceptions found in the record besides those we have noticed, but it is unnecessary to pass upon them.

It is ordered that the judgment appealed from be annulled, avoided, and reversed. It is further ordered that the mortgage set up by the plaintiff in this suit be and the same is hereby decreed to be extinguished and of no effect on the property sold and purchased by Miltenberger as aforesaid; that the recorder of mortgages of the parish of St. John the Baptist be and he is hereby ordered to cancel from the records of his office the mortgage of the plaintiff granted on the twenty-fourth of March, 1865, by Louis Tregre, and that plaintiff be enjoined from seizing and selling the property in satisfaction of the said mortgage; the plaintiff to pay costs in both courts.

Rehearing refused.

* Carried by writ of error to the Supreme Court of the United States.